14 F.3d 602
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert O. SAUNDERS, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
 No. 93-3036.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1993.
 
 Before: MARTIN and RYAN, Circuit Judges; and EDGAR, District Judge.*
 PER CURIAM.
 
 
 1
 State Farm Mutual Automobile Insurance Company appeals the district court's judgment that State Farm is obligated to defend, and pay any damages incurred by, Robert O. Saunders in a lawsuit filed against Saunders and one of his employees as a result of a May 22, 1991 accident. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 Robert O. Saunders owns and operates a sole proprietorship trucking business known as Saunders & Sons, Inc., in Columbus, Ohio. On or about March 8, 1991, State Farm issued to Saunders, as the named insured, an insurance policy with effective dates of March 8, 1991 to March 8, 1992, which covered the use of vehicles listed on a fleet vehicle schedule attached to the policy. On May 22, 1991, an employee of Saunders collided with Clifton Breece at the intersection of Route 36 and Ostrander Road, in Delaware County, Ohio. At the time of the collision, Saunders' employee was operating a truck identified in the Ohio State Highway Patrol Crash Report as a 1973 Autocar dump truck, yellow in color, and bearing Ohio license plate number 50F294. Breece filed suit against Saunders' business in the Franklin County Court of Common Pleas. Despite the liability insurance policy State Farm had issued to Saunders, it refused to defend him against, or indemnify him for, the Breece suit.
 
 
 3
 Saunders then brought a separate action in the Franklin County Court of Common Pleas, seeking a declaration that the truck involved in the May 22nd accident was an insured vehicle under his policy with State Farm, and that State Farm therefore had a duty to defend and indemnify him in the Breece suit. State Farm subsequently removed the action to federal district court.
 
 
 4
 On December 7, 1992, the district court rendered Findings of Fact and Conclusions of Law. On December 17, the court entered a judgment ordering State Farm to defend and indemnify Saunders in the Breece suit. In essence, the court found that the truck involved in the May 22nd accident was the same 1973 White Autocar** dump truck, bearing vehicle identification number AE015HB073137, listed as vehicle number 011 on the fleet vehicle schedule of Saunders' State Farm Policy. The court made this determination notwithstanding the fact that Saunders had made numerous repairs to the truck over the eight years he had owned it. Following an October 30, 1990 collision, in fact, Saunders had been forced to replace the truck's two frame rails and cab. The replacement parts Saunders purchased for this purpose were marked with the identification number X017RNH074794, and once belonged to a 1974 Autocar tractor. After removing the broken frame rails and cab from his 1973 White Autocar truck, Saunders ground off the serial number from the 1974 Autocar parts, stamped the serial number AE015HB073137 into the right frame replacement rail, and assembled the rails and cab onto the remaining 1973 White Autocar dump truck parts (i.e. the rear-end axle assembly, transmission, dump bed, engine, front end, etc.). In making these repairs, Saunders intended for the 1973 White Autocar dump truck to retain its identity as the vehicle with manufacturer's serial number AE015HB073137 so as to preserve a security interest in that vehicle held by Columbus Mortgage, Inc. Saunders did not believe that he was assembling a new vehicle, and, therefore, did not present it for inspection with the Ohio State Highway Patrol.
 
 
 5
 On appeal, State Farm argues that the district court erred in failing to enforce the commercially reasonable method of identifying vehicles specified by its insurance policy contract with Saunders. Pursuant to OHIO REV.CODE ANN. Sec. 1302.45(A) (Baldwin 1993), parties may specify the manner in which the goods that are the subject of a contract are to be identified. State Farm contends, accordingly, that the policy it issued to Saunders set forth four necessary elements used to identify insured vehicles: make, model, year, and vehicle identification number. According to State Farm, the term "vehicle identification number" is a term of art that is defined by statute, and that statutory definition is read by operation of law into the insurance contract. Bell v. Northern Ohio Tel. Co., 149 Ohio St. 157, 158 (1948). Under applicable state law, furthermore, the term vehicle identification number refers to the number stamped on the vehicle by the manufacturer. OHIO REV.CODE ANN. Sec. 4549.61 (Baldwin 1993). Because the only vehicle identification number stamped by a manufacturer on the dump truck in question was in fact for a different vehicle (i.e. the 1974 Autocar tractor that supplied the replacement parts), State Farm argues that Saunders was unable to identify the truck involved in the accident with Breece as vehicle number 011 on the fleet vehicle schedule. State Farm maintains, therefore, that it is under no duty to defend or indemnify Saunders in the Breece suit. We disagree.
 
 
 6
 As State Farm acknowledges, the policy issued to Saunders covers bodily injury to others and damage to property caused by "your car," which is in turn defined as "the car or vehicle described on the declarations page." The policy, however, requires no particular description of the covered vehicles, nor does it provide any further direction as to how to go about identifying these insured vehicles. We disagree with State Farm's basic premise that because the declarations page contains a fleet vehicle schedule, and the vehicles on the schedule are listed by make, model, year, and vehicle identification number, the parties to the contract have therefore necessarily specified these four criteria as the sole method of identifying the insured vehicles under the policy. Even if this represents a commercially reasonable method of identifying insured vehicles, it is not a method to which both parties have agreed. Rather, we find this to be a situation in which the "provisions of a contract of insurance are reasonably susceptible of more than one interpretation," and thus should be "construed strictly against the insurer and liberally in favor of the insured." King v. Nationwide Ins. Co., 519 N.E.2d 1380, 1383 (Ohio 1988).
 
 
 7
 Bearing this well-settled rule of construction in mind, we find that it is proper to consider other evidence in determining whether the vehicle involved in the May 22, 1991 accident with Breece was in fact the 1973 White Autocar listed as vehicle number 011 on the fleet vehicle schedule of Saunders' insurance policy with State Farm. In this regard, the district court made the following findings of fact:
 
 
 8
 a) Saunders has established a chain of ownership of the vehicle from the date of its purchase of May 1984 to the date of the collision.
 
 
 9
 b) Saunders has paid premiums to insure the vehicle from December 1985 to the date of the collision.
 
 
 10
 c) The vehicle has been held as a security for a financing agreement between Saunders and Columbus Mortgage, Inc., from the date of purchase in May 1985 to date.
 
 
 11
 d) Saunders' piecemeal repairs of the vehicle appear to be commercially reasonable and are supported by the fact that he kept the original cab and right frame rail in order to prove ownership of the vehicle in case of dispute.
 
 
 12
 e) Saunders was able to show that he purchased frame rail and cab parts which were not a fully assembled vehicle. These parts were attached to the remaining 1973 Autocar parts in repair thereof and not with intent to assemble a different vehicle.
 
 
 13
 f) Saunders owns no other dump trucks than those listed on the fleet vehicle schedule.
 
 
 14
 Joint Appendix at 13-14. The court also found it unlikely, given the force required to stamp a serial number into a solid steel frame rail, that Saunders could have applied the identification no. AE015HB073137 to the new right frame rail after (as State Farm alleged) rather than before (as Saunders contended) he installed this replacement part. We hold that these findings of fact are not clearly erroneous. See FED.R.CIV.P. 52(a) (findings of fact not set aside unless clearly erroneous).
 
 
 15
 Based on the evidence in the record as a whole, we conclude that the truck involved in the May 22, 1991 accident with Breece was the 1973 White Autocar dump truck listed as vehicle number 011 on the fleet vehicle schedule of Saunders' State Farm insurance policy. Accordingly, we find that State Farm must defend and indemnify Saunders in the suit arising from that accident filed by Breece against Saunders and his employee.
 
 
 16
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable R. Allen Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 **
 The "White Autocar" designation describes the make and model of the dump truck, and is similar to the type of designation used in the automobile industry (i.e. Oldsmobile Cutlass, Cadillac Seville etc.)