JOURNAL ENTRY AND OPINION
Appellants, Mindy Sue Snyder, Terry Snyder and Judith Snyder, appeal the order of the trial court denying their motion for post-judgment interest. Appellee-Cross-appellant, Dunlap Memorial Hospital, is appealing the trial court's denial of its motion for sanctions. For the following reasons, we reverse the decision of the trial court denying post-judgment interest and affirm the decision denying sanctions. We remand the case for a hearing on when the settlement money became due and payable.
Appellants filed a complaint alleging that Mindy Sue Snyder was injured due to the medical malpractice of Dr. Robert Lindsay, Dr. David Lance, Dunlap Memorial Hospital, Dr. William Cox, D I Associates and MetroHealth Medical Center. Appellants Terry Snyder and Judith Snyder are the parents of Mindy Sue Snyder. D I was dismissed without prejudice. On February 15, 2000, Dunlap Memorial Hospital, Dr. Lance and Dr. Lindsay and appellants signed a stipulated dismissal, stating that the case was settled as to these defendants. A confidential settlement agreement was entered into on that date. On February 22, 2000, all the remaining defendants were dismissed with prejudice.
The settlement agreement provided that Dunlap, Dr. Lance and Dr. Lindsay would personally pay settlement payments into a Qualified Settlement Fund. Also, OHIC, the insurer of Dunlap, Dr. Lance and Dr. Lindsay, would pay additional settlement payments into the Qualified Settlement Fund. The Qualified Settlement Fund would enable appellants to pay less federal taxes on the settlement payments.
Appellants' motion to establish a Qualified Settlement Fund was granted on March 10, 2000. Appellees were notified of the establishment of the fund on March 13, 2000.
Appellants told appellees that they had until February 29, 2000 to pay the agreed settlement amount without paying interest. Appellants' letter requesting payment by February 29th instructs appellees to make the check out to Snyder Qualified Settlement Fund. A copy of the confidential settlement agreement is not in the record. The parties stated that they would provide a copy if requested by this court.
Dr. Lindsey paid before February 29. Dr. Lance, Dunlap Memorial Hospital and OHIC did not pay until March 24, 2000. On March 24, 2000, Lance, Dunlap and OHIC issued checks to plaintiffs-appellants, along with a release and settlement agreement to be signed by plaintiffs.
On April 17, 2000, appellants filed the motion for post-judgment interest. Appellees moved for sanctions against appellants, asserting that the motion for interest amounted to frivolous conduct. Appellees claimed that appellants filed this motion in order to disclose the settlement amount, which the parties agreed to keep confidential. Dunlap Memorial Hospital moved to seal the record, which motion was granted.
 I.
Appellants' sole assignment of error states:
 THE TRIAL COURT ERRED BY FAILING TO ENFORCE THE MANDATORY VISIONS OF R.C. 1343.03, WHICH REQUIRES A SETTLING DEFENDANT TO PAY INTEREST ON THE SETTLEMENT.
The purpose of post-judgment interest is to compensate a party for delay in payment. See Royal Electric Construction Corporation PRO v. Ohio State University (1995), 73 Ohio St.3d 110, 116. R.C. 1343.03
automatically bestows a right to post-judgment interest, and the prevailing party is not required to request post-judgment interest. See Lovewell v. Physicians Insurance Company of Ohio (1997), 79 Ohio St.3d 143.
R.C. 1343.03 sets out guidelines for when post-judgment interest begins to accrue. R.C. 1343.03 states:
 (A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.
 (B) Except as provided in divisions (C) and (D) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct, including but not limited to a civil action based on tortious conduct that has been settled by agreement of the parties, shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid.[1]
Under R.C. 1343.03(A), interest accrues when the settlement money became due and payable. The parties are in disagreement over the meaning of the settlement agreement as to when the settlement payments became due. Appellants argue that payment became due immediately upon entering into the settlement agreement. Appellees argue the payment became due when appellants executed a release, or at the earliest, when the Qualified Settlement Fund came into existence. The parties indicated that there was no specific language in the settlement agreement which definitively established when payment was due. The trial court made no determination as to when the settlement money became due and payable. Therefore, we must remand this case to the trial court for an evidentiary hearing on the question of when the amount became due and payable.
Appellants argue that R.C. 1343.03(B) applies here, so the interest accrues on the date of the journal entry memorializing the settlement agreement. R.C. 1343.03(B) does not apply to this case. The journal entry in this case was not a judgment, order or decree for the payment of money. The journal entry dismissed the claims against the settling defendants, and did not order a monetary award.
Appellees assert that appellants waived their right to post-judgment interest by signing the releases. Appellants agreed to release appellees from liability on appellees' performance of the terms of the settlement agreement. Post-judgment interest was essentially part of the settlement agreement. Valid, applicable statutory provisions are part of every contract. Bell v. Northern Ohio Tel. Co. (1948), 149 Ohio St. 157.
 `[c]ontracts must be expounded according to the law in force at the time they were made; and the parties are as much bound by a provision contained in a law, as if that provision had been inserted in, and formed part of the contract.' (Citation omitted.)
Ross v. Farmers Ins. Group of Companies (1998), 82 Ohio St.3d 281, 287. Appellants were automatically entitled to such interest by statute, and did not need to request post-judgment interest. See Lovewell v. Physicians Insurance Company of Ohio (1997), 79 Ohio St.3d 143 . Appellants did not waive post-judgment interest by signing the releases.
In conclusion, this case must be remanded to the trial court for an evidentiary hearing as to when the settlement payments became due.
Accordingly, this assignment of error is sustained.
 II.
Appellee-Cross-appellant, Dunlap Memorial Hospital, submitted the following assignment of error:
 THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION FOR SANCTIONS FOR PLAINTIFFS FAILING TO ABIDE BY THE UNAMBIGUOUS LANGUAGE OF THE SETTLEMENT AGREEMENT.
Cross-appellant asserts that cross-appellees' motion constituted frivolous conduct under R.C. 2323.51. Cross-appellees' motion was based upon R.C. 1343.03(B), and was not filed merely to harass or maliciously injury cross-appellant. See R.C. 2323.51(A)(2). Cross-appellees reasonably believed it was necessary to include the amount of the settlement so that the amount of interest could be computed. The trial court granted cross-appellant's motion to seal the record, so cross-appellant was not harmed by cross-appellees' mention of the settlement amounts in their motion.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed in part and reversed in part. This case is remanded to the trial court for further proceedings consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants and appellees split the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________ ANN DYKE, J.
[1] Am. Sub. H.B. 350, the Tort Reform Act, deleted the language including, but not limited to a civil action based on tortious conduct that has been settled by agreement of the parties. The Tort Reform Act was held unconstitutional in toto by State ex. rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451.