Elephant Lumber Co., Appellee, *v.* Johnson, Appellant.

(No. 500—Decided June 11, 1964.)

*Mr. James M. Cutright,* for appellee.
*Mr. E. A. Moats,* for appellant.

COLLIER, P. J.  The Elephant Lumber Company, a corporation, plaintiff-appellee, herein designated the plaintiff, brought this action on June 10, 1963, in the Chillicothe Municipal Court to recover for services rendered the defendant-appellant, Helen Johnson, herein referred to as the defendant, in preparing and drawing plans, specifications and material lists for the erection of a building to be used as a nursing home.  The allegations of the petition are:

"Defendant agreed and promised, in consideration of plaintiff's preparing such plans, specifications and material lists, that defendant would either procure and purchase, or cause to be procured or purchased from plaintiff, all the lumber and other building materials and supplies for the construction of such building; and if all of such lumber and other building materials and supplies were not so procured and purchased from plaintiff, then defendant agreed and promised to pay plaintiff for such plans, specifications and material lists the sum of $1,000.00."

No answer or other pleading was filed by the defendant and, on July 15, 1963, a default judgment was entered in favor of plaintiff for the full amount claimed in the petition.  On July 20, 1963, defendant filed a motion to vacate the judgment and to grant defendant leave to file an answer, which was tendered therewith.  On February 25, 1964, the motion was overruled. The defendant now seeks a reversal of that judgment.

The defendant's contentions are that the petition does not state a cause of action for the reason it is not alleged in the petition that the plaintiff is an architect or has as its employee an architect authorized to draw and furnish plans and specifications and to charge for such services; that the alleged contract is in violation of statute and therefore void; that a valid default judgment may not be rendered upon such defective petition.  Section 4703.18, Revised Code, provides:

"No person shall enter upon the practice of architecture, or hold himself forth as an architect or registered architect, un-

less he has complied with Sections 4703.01 to 4703.19, inclusive, of the Revised Code, and is the holder of a certificate of qualification to practice architecture issued or renewed and registered under such sections.''

Section 4703.17 of the Revised Code provides for certain exemptions, none of which included the plaintiff, and Section 4703.99, Revised Code, provides a penalty of a fine for violation of Sections 4703.01 to 4703.19, inclusive.

Ohio is one of the many states that have enacted statutes regulating architects in the practice of their profession. It is generally held that designing a building for another, or furnishing the plans and specifications for such a building for another, constitutes architectural services. It is also well settled that such legislation is a proper exercise of the police power. 5 American Jurisprudence (2d), 662, and 34 Ohio Jurisprudence (2d), 356 *et seq.*

The general rule is that a contract entered into by a person engaged in a business without taking out a license as required by law is void and unenforceable and that where a license or certificate is required by statute as a requisite to one practicing a particular profession, an agreement of a professional character without such license or certificate is illegal and void. 53 Corpus Juris Secundum, 711; 33 American Jurisprudence, 384; 34 Ohio Jurisprudence (2d), 388. It is also a well established rule that a contract which cannot be performed without a violation of a statute is void. *National Transformer Corp.* v. *France Mfg. Co.*, 215 F. (2d), 343; *Bell* v. *Northern Ohio Tel. Co.*, 149 Ohio St., 157.

In the case of *American Bankers Ins. Co.* v. *Leist,* 117 Ohio App., 20, this court held that a default judgment obtained in an action on a petition which did not state a cause of action was void. 31 Ohio Jurisprudence (2d), 644, Judgments, Section 188, reads:

''A judgment by default cannot properly be based upon a petition which does not state a cause of action. A judgment by default, it has been adjudged, cures no defect in the petition which would have been fatal thereto on general demurrer.''

In *Bell* v. *Northern Ohio Telephone Co., supra,* it was held: ''In order to state a cause of action for damages for the breach of a contract with a public utility, plaintiff's petition must

state facts which show that such contract is one into which the public utility had power to enter.''

Plaintiff does not allege in its petition that any of its employees was licensed or registered as an architect under the laws of Ohio. It is elementary that in an action of this kind the petition must allege a binding, enforceable contract. 43 Ohio Jurisprudence (2d), 104, Pleadings, Section 93. In the case of *McGill* v. *Carlos,* 52 Ohio Law Abs., 28, a very well considered Common Pleas Court decision, it was held that preparing plans and specifications for the construction of a dwelling house estimated to cost $12,800, was engaging in the practice of architecture and precluded recovery for such services. In the instant case the building was designed to be used as a nursing home, which is regulated by statute and subject to inspection and would require more expert knowledge and skill in preparation than an ordinary dwelling. Chapter 3721, Revised Code. The factual situation in the *McGill case* is identical with the present case except that in the former, the contractor prepared the plans and in the case before us, the materialman is the plaintiff.

Our conclusions are that the plaintiff's claim is for services rendered as an architect; that to practice the profession of architecture in Ohio and to recover in an action for such services, it is necessary to obtain a license as prescribed by law; that a contract for such services entered into by one who is not so licensed and registered is void; that a default judgment, rendered on a petition to recover for such services in which it is not alleged that the plaintiff is a licensed and registered architect, is void. The judgment will be reversed and final judgment rendered for the defendant.

*Judgment reversed and final judgment for defendant.*

BROWN and DUFFEY, JJ., concur.

DUFFEY, J., of the Tenth Appellate District, sitting by designation in the Fourth Appellate District.