**MARSH, Appellant,**

v.

**LAMPERT, Appellee.**

[Cite as *Marsh v. Lampert* (1998), 129 Ohio App.3d 685.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA98-04-071.

Decided Sept. 8, 1998.

*Ruppert, Bronson, Chicarelli & Smith Co., L.P.A.,* and *Rupert E. Ruppert,* for appellant.

*Holbrock & Jonson Co., L.P.A.,* and *Timothy R. Evans,* for appellee.

POWELL, Judge.

Plaintiff-appellant, Theodore Marsh, appeals from a decision of the Middletown Municipal Court granting summary judgment in favor of defendant-appellee, Jimmy Lee Lampert. We affirm.

On September 11, 1996, Marsh filed suit against Lampert for breach of contract. The complaint alleged that the parties had entered into an oral agreement whereby Lampert would pay Marsh $4,000 if Marsh retired before the June 20, 1997 expiration of the sergeant's promotion list for the Middletown Police Department. At the time the alleged agreement was made, Marsh was a sergeant in the department, and his retirement would leave the position vacant for Lampert, who was first on the sergeant's promotion list. Marsh retired before the list expired, but when he demanded the $4,000, Lampert refused to pay.

On May 6, 1997, Lampert filed a motion for summary judgment asserting that, even if a contract existed, it was void and not enforceable because its purpose was illegal. The trial court granted the motion, and this appeal followed.

 In his sole assignment of error, Marsh argues that the trial court erred by granting summary judgment. Summary judgment will be granted where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come but to one conclusion, which is adverse to the party against whom the motion for summary judgment is made, construing the evidence most strongly in that party's favor. *Wills v. Frank Hoover Supply* (1986), 26 Ohio St.3d 186, 188, 26 OBR 160, 161–162, 497 N.E.2d 1118, 1120; *Wolf v. McCullough–Hyde Mem. Hosp.* (1990), 67 Ohio App.3d 349, 354–355, 586 N.E.2d 1204, 1207–1209. In reviewing the propriety of a summary judgment, we use the same standard as that of the trial court. *Brown v. Woodmen Acc. & Life Co.* (1992), 84 Ohio App.3d 52, 55, 616 N.E.2d 278, 279–280.

 It is well settled that a valid contract cannot be made if its purpose or performance is contrary to statute. *Bell v. N. Ohio Tel. Co.* (1948), 149 Ohio St. 157, 158, 36 O.O. 501, 502, 78 N.E.2d 42, 43; *Elephant Lumber Co. v. Johnson* (1964), 120 Ohio App. 266, 269, 29 O.O.2d 91, 93, 202 N.E.2d 189, 191. Similarly, a contract may be void if it violates public policy, the legal principle which declares that one may not lawfully do that which has the tendency to injure the public welfare. *Garretson v. S.D. Myers, Inc.* (1991), 72 Ohio App.3d 785, 788, 596 N.E.2d 512, 513–514.

 Viewing the evidence most strongly in favor of Marsh, the nonmoving party, it may be assumed that a contract in fact existed between the parties. The purpose of this contract, ensuring the promotion of a subordinate by inducing the early retirement of a superior, is clearly contrary to statute and public policy.

R.C. 124.59, governing the civil service, provides that no applicant for a promotion may pay or promise to pay any consideration for obtaining the promotion. R.C. 102.03, governing public employee ethics, and R.C. 2921.43 forbid any public employee to solicit or accept, or use his office to secure, money or anything of value from a subordinate as an incentive to retire if it would enable the subordinate to be promoted to the vacant position. By the same token, these provisions forbid a subordinate employee to promise or give money or anything of value to a superior as an incentive to retire if it would enable the subordinate to be promoted. See Ohio Ethics Comm. Advisory Op. No. 97–001.

Performance of the claimed agreement would require that Lampert pay Marsh for his early retirement so that Lampert is assured a promotion. Such an arrangement is clearly contrary to the above statutes. The alleged contract, even if proven to exist, would be illegal and injurious to the public welfare and civil service. It is therefore void and unenforceable.

Accordingly, the trial court did not err by granting summary judgment in favor of Lampert, and Marsh's sole assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and KOEHLER, J., concur.