THE STATE OF OHIO, APPELLEE, *v.* URBIN, APPELLANT.

[Cite as *State v. Urbin,* 100 Ohio St.3d 1207, 2003-Ohio-5549.]

(No. 2002–1442—Submitted September 17, 2003—Decided November 5, 2003.)

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently allowed.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

MOYER, C.J., concurs separately.

PFEIFER and O'DONNELL, JJ., dissent and would reverse.

---

**MOYER, C.J., concurring.**

{¶ 2} Appellant, Vince Urbin, was convicted of violating R.C. 2921.42(A)(1), which prohibits a public official from having an unlawful interest in a public contract. The court of appeals affirmed his conviction. *State v. Urbin,* 148 Ohio App.3d 293, 2002-Ohio-3410, 772 N.E.2d 1239.

{¶ 3} I concur in the majority's decision to dismiss appellant's appeal as improvidently allowed. Full merit briefing and oral argument have revealed that the appellant waived the primary legal proposition he now presents. Moreover, resolution of the case is dependent upon factual determinations and the sufficiency of the evidence. The case does not warrant the exercise of our discretionary jurisdiction.

{¶ 4} I nevertheless write separately to state my view that the trial court did not err in incorporating elements of an Ohio Ethics Commission advisory opinion into its instructions provided to the jury to aid it in determining whether the appellant had violated R.C. 2921.42.

{¶ 5} Urbin raises two propositions of law, one of which [1] is grounded in his belief that the trial court erred in admitting certain evidence, a case-specific issue

---

1. Urbin's Proposition of Law No. II states that "[a]ssertions made by defendants' counsel in opening statement do not 'open the door' to the use of otherwise inadmissible evidence by the prosecution."

of no general interest. See Section 2(B)(2)(e), Article IV, Ohio Constitution (Supreme Court may review cases of "public or great general interest").

{¶ 6} In arguing his remaining proposition of law,[2] Urbin asserts that the state failed to prove that he had violated R.C. 2921.42. As relevant herein, R.C. 2921.42(A) provides:

{¶ 7} "No public official shall knowingly * * *:

{¶ 8} "(1) Authorize, or employ the authority or influence of his office to secure authorization of any public contract in which he, a member of his family, or any of his business associates *has an interest.*" (Emphasis added.)

{¶ 9} The state contends that Urbin violated this statute while mayor of the city of Avon Lake based on two catering contracts between the city and the Fountain Bleau Event Center. Urbin's brother was the owner or manager of the Center.

{¶ 10} Urbin asserts that conviction under the statute is dependent upon proof that a public official, a member of his family, or any of his business associates received a *tangible* benefit from the contract. Although the statute does not define the term "interest" as used in R.C. 2921.42(A)(1), the Ohio Ethics Commission has issued advisory opinions providing guidance as to its meaning. Advisory Opinion No. 89–008, 1989 WL 251686, provides that an employee is considered to have an interest in his employer's contracts if, e.g., the employee "takes part * * * in contract negotiations" or "participat[es] in the administration or execution of the contract." Advisory Opinion No. 92–002, 1992 WL 101244, noted the expansion of the definition since the earlier advisory opinion, and recognizes that an employee has an interest in a public contract where, inter alia, the employee is a director, trustee, or officer of her employer, the employee participates in contract negotiations or the application process or the employee has responsibility to participate in or oversee execution or administration of the contract. Those well-reasoned opinions clearly contemplate that intangible benefits, and not just quantifiable financial benefits, are sufficient to demonstrate an improper interest within the purview of the statute.

{¶ 11} The trial court used the Ethics Commission definitions of "interest" in its jury instructions. Urbin did not, however, assign error relative to the instructions in the court of appeals. That court thus deemed the only issue before it as being "whether sufficient evidence existed to support a conviction of having an unlawful interest pursuant to R.C. 2921.42 as that 'interest' was defined in the jury instructions," i.e., in accord with the Ohio Ethics Commission

---

2. Urbin's Proposition of Law No. I asserts that "[T]o convict a defendant of having an unlawful interest in a contract under Ohio R.C. § 2921.42, it must be proven that he, a member of his family, or any of his business associates received a tangible benefit from that contract."

definitions. In short, Urbin did not preserve his legal assertion that R.C. 2921.42 requires proof of a "tangible benefit," and he is barred under the doctrine of waiver from raising it before this court.

{¶ 12} Moreover, Urbin states in his concluding statements in this proposition of law in his merit brief that "[t]here is not a shred of evidence that Mayor Urbin or his brother received *any* appreciable benefit, tangible or intangible, from the contract. There is no rational interpretation of the evidence which would support the conviction, because there is no evidence to interpret. When viewed under the standard of sufficiency of evidence, weight of the evidence, or that the judge erred in denying [Urbin's] Rule 29 motions, the result is the same. This Court should do what the trial court should have done: declare the evidence on those two counts to be legally insufficient." It is clear that Urbin's primary complaint is with the jury's determinations of fact, not with an issue of law.

{¶ 13} This is not the rare case in which an appellant's contention that a factfinder erroneously weighed the evidence warrants the exercise of our jurisdiction. Nevertheless, this case does provide an opportunity to review and validate the authority of the Ethics Commission. It is statutorily empowered to render "advisory opinions," including opinions "relating to a special set of circumstances involving ethics, conflict of interest, or financial disclosure under Chapter 102, section 2921.42, or section 2921.43 of the Revised Code." R.C. 102.08(A) and (B). The statute further provides that persons who seek advisory opinions from the Ethics Commission shall be immune from criminal prosecutions, civil suits, or actions for removal from office based on facts and circumstances covered by the opinion, if the opinion states that there is no ethics violation. R.C. 102.08(B). Ethics Commission advisory opinions have been incorporated into Ohio Jury Instructions. 4 Ohio Jury Instructions (2003), 599–600, Section 521.42. While they are not binding on the courts, these opinions are entitled to weight by the courts, and Ohio courts have found commission opinions useful in applying and interpreting the law. See e.g., *Marsh v. Lampert* (1998), 129 Ohio App.3d 685, 687, 718 N.E.2d 997; *Walsh v. Bollas* (1992), 82 Ohio App.3d 588, 591, 612 N.E.2d 1252. See, also, *State ex. rel Mallory v. Pub. Emp. Retirement Bd.* (1998), 82 Ohio St.3d 235, 241, 694 N.E.2d 1356, fn. 1; id. at 252, 694 N.E.2d 1356 (Lundberg Stratton, J., dissenting).

{¶ 14} In my view, Advisory Op. No. 92–002 provides a reasonable interpretation of the term "interest" as used in R.C. 2921.42, and the trial court in the case at bar did not err in incorporating elements of that opinion into the jury instructions.

---

Jeffrey H. Manning, Lorain County Prosecuting Attorney, and Mary R. Evard, Assistant Prosecuting Attorney, for appellee.

William T. Doyle; Russell S. Bensing and James M. Kersey, for appellant.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, and Patricia E. Snyder, Deputy Solicitor, urging affirmance for amicus curiae Attorney General.