OPINION
{¶ 1} Plaintiff-appellant, C F Underwriters Company of Ohio, appeals from a decision of the Butler County Common Pleas Court, rendering summary judgment in favor of defendant-appellee, Admiral Insurance Company, in a declaratory judgment action.
 {¶ 2} This matter arose as a result of a personal injury lawsuit brought against Armco Steel Company, now known as AK Steel, by Antonio Garza, who was an employee of RAK Corrosion Control, one of AK Steel's contractors. In September 1995, Garza was injured on AK Steel's premises when a steel shroud cover of a steel door fell on him. Garza sued AK Steel for negligence. At the time of the accident, AK Steel held a liability insurance policy with Admiral, while RAK held both a primary liability insurance policy and an umbrella insurance policy with C F. RAK's insurance policies with C F listed AK Steel as an additional insured.
 {¶ 3} When Garza sued AK Steel for negligence, AK Steel tendered its defense to Admiral and C F. C F agreed to defend AK Steel, subject to a reservation of rights, but Admiral declined to defend or indemnify AK Steel on Garza's claim. C F offered Admiral the opportunity to participate in its settlement negotiations with Garza, and to contribute to a final settlement, but Admiral refused to do so. Ultimately, C F paid $1.8 million to settle Garza's claim, with the first $1 million coming from its primary liability policy, and the remaining $800,000 from its umbrella policy.
 {¶ 4} On March 6, 2000, C F brought a declaratory judgment action in the Butler County Common Pleas Court against Admiral and AK Steel. AK Steel was subsequently dismissed from the action with prejudice, after C F accepted sole responsibility for the first $1 million of the $1.8 million settlement it had paid. The parties stipulated that the only issue remaining before the trial court was whether the C F umbrella policy and the Admiral policy provide pro rata coverage at the excess level above the C F primary liability policy (which would require C F and Admiral to divide the remaining $800,000 in settlement costs between them), or whether the Admiral policy provides coverage in excess of the C F umbrella policy (which would require C F to absorb the remaining $800,000 in settlement costs, alone).
 {¶ 5} Both parties moved for summary judgment on the issue. On April 24, 2003, the trial court rendered summary judgment in favor of Admiral, finding that its policy expressly applied as excess coverage to C F's umbrella policy.
 {¶ 6} C F appeals from the trial court's decision, raising the following assignment of error:
 {¶ 7} "The trial court erred in denying plaintiff-appellant's motion for summary judgment and granting defendant-appellant's (sic) motion for summary judgment."
 {¶ 8} C F argues that the trial court erred in granting summary judgment to Admiral on the basis that its policy is excess to C F's umbrella policy. C F asserts that because its umbrella policy and Admiral's policy cover the same risk, and contain clauses stating that they are excess over other valid, collectible insurance, C F and Admiral are liable for the $800,000 in proportion to the amount of insurance provided by their respective policies. We disagree with this argument.
 {¶ 9} A motion for summary judgment is to be granted when there is no genuine issue of material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, when viewing the evidence in a light most favorable to that party. Marsh v. Lampert (1998),129 Ohio App.3d 685, 687.
 {¶ 10} C F relies on Buckeye Union Ins. Co. v. State Auto.Mut. Ins. Co. (1977), 49 Ohio St.2d 213, in support of its argument. In that case, the Ohio Supreme Court held:
 {¶ 11} "Where two insurance policies cover the same risk and both provide that their liability with regard to that risk shall be excess insurance over other valid, collectible insurance, the two insurers become liable in proportion to the amount of insurance provided by their respective policies." Id. at syllabus.
 {¶ 12} Buckeye Union Ins. Co. involved two policies that contained conflicting excess insurance clauses. Id. at 213-214. The case before us is distinguishable. While the excess insurance clauses in C F's umbrella policy and Admiral's policy are similar, they are not conflicting. C F's umbrella policy states, in relevant part:
 {¶ 13} "L. OTHER INSURANCE
 {¶ 14} "If there is any collectible `Other Insurance' available to the `Insured', (whether such insurance is stated to be primary, contributing, excess or contingent), the insurance provided by this policy will apply in excess of, and shall not contribute with such `Other Insurance.'"
 {¶ 15} The definitional section of C F's umbrella policy states, "`Other insurance' does not include * * * any insurance policy purchased expressly to apply excess of the Insurance afforded by this policy."
 {¶ 16} Admiral's policy states, in relevant part:
 {¶ 17} "7. OTHER INSURANCE NOT WITH THE COMPANY
 {¶ 18} "Any valid and collectible insurance coverage afforded the Named Insured as an Additional Insured on any Contractor or Service Provider's liability policy (ies) shall be considered primary insurance for the Additional Insured with respect (sic) claims arising out of operations performed by or on behalf of the Contractor or Service Provider, and if the Additional Insured has other insurance which is applicable to the claim, such other insurance shall be on an excess basis and not contributory."
 {¶ 19} The Admiral policy contains an "Amendatory Endorsement," effective June 1, 1995, which states:
 {¶ 20} "It is agreed that this policy shall apply as excess over any other valid and collectible insurance provided by any Owners' and Contractors' Protective Liability policies issued for the benefit of AK Steel Holding Co."
 {¶ 21} The excess insurance clause in C F's umbrella policy does not apply in this case, pursuant to the policy's definition of "other insurance," since Admiral's policy was "purchased expressly to apply excess" of the insurance afforded by C F's policy — a fact made clear by the "Amendatory Endorsement" in Admiral policy's. In light of the inapplicability of the excess insurance clause in C F's umbrella policy, the excess insurance clause in Admiral's policy, which remains operative, is controlling, and it renders the insurance afforded by that policy excess to the insurance afforded by C F's umbrella policy. Cf.,Buckeye Union Ins. Co., 49 Ohio St.2d 213. Accordingly, the trial court did not err in awarding Admiral summary judgment.
 {¶ 22} C F also argues that the trial court based its decision, in part, on evidence that violates the parole evidence rule. However, it is clear from its decision that the trial court referred to this evidence only as an alternative basis for its ruling. Hence, this part of the trial court's ruling is merely dicta, and we need not discuss it further.
 {¶ 23} C F's assignment of error is overruled.
 {¶ 24} The trial court's judgment is affirmed.
Powell and Walsh, JJ., concur.