OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of Ralph G. Mueller, filed January 3, 2005. On January 31, 2002, Appellant and his ex-wife, Charlene Iversen, were granted a Final Judgment and Decree of Divorce in the Domestic Relations Division of the Montgomery County Common Pleas Court. On July 13, 2001, the parties appeared in open court to recite into the record their agreement concerning all issues related to their divorce. On January 31, 2002, the Final Judgment and Decree of Divorce was filed, and Section 14 therein addresses the division of retirement benefits in relevant part as follows:
 {¶ 2} "The parties acknowledge that the Defendant currently has vested retirement benefits in the Public Employees' Retirement System of the State of Ohio. Further, the parties acknowledge that due to the applicable provisions of the Ohio Revised Code, the parties are unable to divide the Defendant's Public Employee's Retirement benefits pursuant to an appropriate Qualified Domestic Relations Order or other appropriate Court Order. Further, the parties do acknowledge that the Defendant's benefits in the Public Employee's Retirement System of Ohio constitute a marital asset. The parties, therefore, intend to divide the Defendant's benefits on a percentage basis. The plaintiff shall be entitled to receive from Defendant's monthly benefits in the Ohio Public Employees' Retirement System, when he begins to receive his benefits, an amount equal to a percentage determined pursuant to [a] formula."
 {¶ 3} On August 27, 2003, Appellee filed a Motion for Contempt and to Compel the Defendant to Divide Defendant's Benefit, arguing that Appellant retired from the City of Dayton and refused to provide her with her share of the retirement benefit. The Magistrate held a hearing and overruled the Motion, determining that Appellant had not yet retired and was receiving a disability benefit because of a medical condition. The Magistrate admitted the transcript of the proceedings during which the parties read their agreement into the record, relying on the following exchange in his decision:
 {¶ 4} "Ms. Schram: Okay. Retirement. Each would keep whatever retirement they have outside of the PERS, the Public Employee Retirement System. The husband — the wife would have the right to one-half of the pension. * * *
 {¶ 5} "Mr. Goelz: * * * just so we're clear, the coverture fraction of the wife's shares of it does not apply to any disability benefit.
 {¶ 6} "Ms. Schram: That's why I specifically said pension.
 {¶ 7} "Mr. Goelz: I wanted to be clear on the record.
 {¶ 8} "Ms. Schram: I specifically said pension."
 {¶ 9} The Magistrate concluded that the amount of defendant's benefits that were in the nature of disability benefits were not subject to division pursuant to the distinction they made in their agreement between future retirement benefits and disability benefits. The Magistrate determined that the disability payments were Appellant's free and clear.
 {¶ 10} Appellee filed objections to the Magistrate's Decision on September 20, 2004, and the trial court agreed that Appellant is not eligible for retirement benefits. The court also concluded that the disability payments Appellant receives are in the nature of wage replacement. The court remanded the matter back to the Magistrate "for the purpose to determine defendant's eligibility for PERS benefits consistent with this decision." Appellant appeals the Decision of the trial court.
 {¶ 11} The standard of appellate review of a trial court's determination in a domestic relations case is abuse of discretion; "a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error in judgment." Booth v. Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028.
 {¶ 12} Appellant's sole assignment of error is as follows:
 {¶ 13} "THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S OBJECTION TO THE MAGISTRATE'S DECISION AND PERMANENT ORDER"
 {¶ 14} "[T]he general rule is that pension or retirement benefits earned during the course of a marriage are marital assets and a factor to be considered * * * in the division of property." Hoyt v. Hoyt (1990),53 Ohio St.3d 177, 178. One general exclusion to this rule is "disability retirement pay." Id. at fn.3. "Disability retirement benefits are not marital property unless `they are accepted by the retiree in lieu of retirement pay.'" Elsass v. Elsass (Dec. 29, 1993), Montgomery App. Nos. 93-CA-0005, 93-CA-0016. A disability retirement does not accrue during the marriage; the existence of the disability, and not actual retirement, triggers the payment of the benefit. Id. If the benefits are later accepted in place of retirement pay, "they are marital property to the extent that the disability benefit includes the retirement pay value." Messer v. Messer, Darke App. No. 1570, 2002-Ohio-4196. At that time, the benefits should be considered a marital asset to be given a value based upon the benefits accrued as of the date set for valuation of marital property. Potter v. Potter, Wayne App. No. 01CA0033, 2001-Ohio-1770 ("While Mrs. Potter's disability benefits are not a marital asset, the benefits certainly represent either a retirement benefit or a payment in lieu of old-age requirement pay as of Mrs. Potter's retirement date"). Accord: Motter v. Motter, Wyandot App. No. 16-99-14, 2000-Ohio-1714 (affirming the trial court's decision that, "until appellant reached the age to be eligible for retirement, his disability benefits were wage replacement and therefore his separate property," but at the first retirement date set forth in his plan, the gross amount of the benefit "shall be divided and paid equally to the parties as any marital asset.")
 {¶ 15} The trial court herein correctly remanded the matter back to the Magistrate for a determination of the time at which Appellee will fulfill the age requirements for PERS pension benefits and accordingly subject his benefits to division and payment to Appellant. There being no abuse of discretion, Appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Brogan, P.J. and Young, J., concur.
(Hon. Frederick N. Young retired from the Second District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).