OPINION
{¶ 1} Defendant-appellant, Michael Burkhart, appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, granting a qualified domestic relations order and attorney's fees in favor of plaintiff-appellee, Hal Linda Burkhart.
 {¶ 2} The parties divorced in 1997 following 26 years of marriage. At the time of their divorce, Michael was employed by the City of Indian Hill Police Department as a dispatcher. *Page 2 
The decree of divorce stipulated that Linda would receive a portion of Michael's Public Employees Retirement System ("PERS") pension upon distribution and the court retained jurisdiction to enforce the provision.
 {¶ 3} In 2005, Michael was forced to take leave from his employment due to a diagnosis of diabetes and a heart condition; and began receiving disability benefits from the PERS. Michael was 54 years old and had earned 32.416 years of PERS contributing service on the date he began receiving the disability benefits.
 {¶ 4} On May 15, 2006, Linda filed a motion to enforce provisions of the decree of divorce and a motion for contempt, asserting two claims. First, Linda alleged that Michael failed to transfer deeds to a cemetery plot as provided in the decree. Second, Linda claimed that Michael had retired and she was entitled to a portion of the PERS disability benefits. Linda's attorney also filed a motion for attorney fees at the magistrate's hearing.
 {¶ 5} Following the hearing, the magistrate found that Michael was not in contempt for failing to transfer the deeds, but awarded Linda 40 percent of the disability benefit, $3,500 in attorney fees, and required Michael to purchase an insurance policy to secure payment of his PERS retirement benefits. Michael filed objections to the magistrate's decision, which were overruled by the trial judge. Michael timely appeals, raising three assignments of error.
 {¶ 6} The standard of appellate review of a trial court's determination in a domestic relations case is abuse of discretion.Booth v. Booth (1989), 44 Ohio St.3d 142, 144. Therefore the court's judgment must not be disturbed unless the decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT EXCEEDED ITS JURISDICTION AND ERRED AS A MATTER OF LAW WHEN IT AWARDED APPELLEE A PORTION OF APPELLANT'S DISABILITY BENEFIT PAYMENTS." *Page 3 
 {¶ 9} The section labeled "RETIREMENT SAVINGS PLANS/PENSIONS/PROFIT SHARING" in the parties' decree of divorce provides: "The Plaintiff shall receive one half of the marital portion of the Defendant's Public Employees Retirement System monthly benefit, payout at distribution. This amount paid to the Plaintiff shall be determined by the following calculation: The number of months in the marriage the Defendant has been participating in the Public Employees Retirement System (agreed to be 314 months) over the number of months the defendant ultimately participates in the Public Employees Retirement System through the last month of nonretired employment, times the monthly benefit to be received * * *."
 {¶ 10} In his first assignment of error, Michael argues that the magistrate and trial court improperly awarded a portion of his disability benefit payments to Linda. Michael argues that disability payments are nonmarital property and not subject to division pursuant to the decree of divorce.
 {¶ 11} In opposition, Linda argues that Michael has retired and elected to receive disability pay rather than an age and service retirement pension from the Ohio PERS, which she is entitled to a percentage under the decree of divorce. Linda claims that since Michael was eligible for retirement at the time of the disability and he elected to receive a disability retirement, she is entitled to a portion of the payments. Linda submits that the money being paid to Michael is from the same source as retirement pay (PERS), the payments are classified as "retirement" for tax purposes, and the payments are not income replacement.
 {¶ 12} "The general rule is that pension or retirement benefits earned during the course of a marriage are marital assets and a factor to be considered not only in the division of property, but also in relationship to an award of alimony." Hoyt v. Hoyt (1990),53 Ohio St.3d 177, 178. See, also, R.C. 3105.171(A)(3)(a). In Hoyt, the Ohio Supreme Court stated that "disability retirement pay" is an exclusion to the general rule. Id. at fn. 3. Disability *Page 4 
benefits are instead a form of compensation for personal injury and are not marital property unless they are accepted in lieu of old-age retirement pay, in which event they are marital property to the extent that the retirement pay value is included in the disability pension benefit. Elsass v. Elsass (Dec. 29, 1993), Greene App. Nos. 93-CA-0005, 93-CA-0016, 1993 WL 541610 at *5. If disability benefits are later accepted in place of retirement pay, "they are marital property to the extent that the disability benefit includes the retirement pay value."Messer v. Messer, Darke App. No. 1570, 2002-Ohio-4196, ¶ 8.
 {¶ 13} Accordingly, the controlling issue in this matter is whether these payments constitute a disability benefit or a retirement pension.
 {¶ 14} The magistrate in this case found, "[t]he Decree states, with regard to Defendant's retirement benefits, that Plaintiff is to receive one-half of the marital portion of Defendant's PERS monthly benefit, as defined by the coverture fraction set forth in the Decree. Plaintiff requests that the Court issue a Division of Property Order ("DOPO") for division of Defendant's PERS benefits, based on the allegation that Defendant has retired. Plaintiff's Motion is granted. * * * Defendant's last day of employment with the Indian Hill Police Department was February 17, 2006. As of May 2006, Defendant was 55 years old and had 32.614 years of contributing service in PERS. He was eligible to [receive] a service/age retirement, based on his years of service. However, Defendant elected to receive a disability benefit. He testified that the nature of his disability is diabetes and a heart condition. Defendant testified that he might be able to return to work at some point before 2011."
 {¶ 15} In reviewing the magistrate's decision, the trial court stated, "Defendant * * * states that `the magistrate failed to consider the fact that retirement income and disability are different.' Defendant's objection is not well-taken. The parties' Decree of Divorce provides, in pertinent part, that Plaintiff is to receive one-half of the marital portion of Defendant's *Page 5 
PERS monthly benefit. As noted by the Magistrate, had a DOPO been issued prior to Defendant receiving disability benefits, Plaintiff would have received her portion of the monthly benefit beginning in 2006. The Court finds that the Magistrate properly determined that Plaintiff is entitled to her share of the benefits received by Defendant since May of 2006."
 {¶ 16} After review of the record and applicable law, we disagree with the trial court's decision. The statutory provisions regulating the Public Employees Retirement System provide, "A disability benefit recipient shall retain membership status and shall be considered on leave of absence from employment for the first five years following the effective date of a disability benefit * * *." R.C. 145.362. While receiving a disability benefit under PERS, the recipient must undergo annual medical examinations to certify the disability is ongoing. Id. Further, unlike individuals that elect to receive a PERS retirement, disability benefit recipients are prevented from working altogether. Id.
 {¶ 17} Under the PERS scheme, Michael is not retired and his disability benefits are not a retirement pension. Rather, the PERS treats Michael as if he is on a "leave of absence" for up to five years. An employee receiving a disability benefit has the right to return to his former employer, either to his previous position and salary or a similar position and salary, should his disability resolve. R.C. 145.362. The employee will lose the disability benefit if the PERS board determines him to be no longer disabled. Id. To maintain the disability benefit, Michael must undergo yearly medical examinations and is restricted from working at any job whatsoever. Id. In contrast, if Michael elected to receive PERS retirement benefits, he could be employed, at either a public or private employer, and still receive his retirement pension. R.C. 145.38.
 {¶ 18} In support of her claim, Linda alleges that the current receipt of disability benefits will diminish Michael's retirement benefits. Linda's claim is incorrect. The PERS provisions provide that the payment of a disability benefit does not affect a PERS member's *Page 6 
contributions. R.C. 145.361(B) ("No part of the allowance paid under this section shall be charged against the member's accumulated contribution"). Instead, the PERS provisions state that if a disability benefit recipient returns to his or her employer, and becomes a contributor to the PERS once again for an additional two years, "the former disability recipient shall be entitled to full service credit for the period as a disability benefit recipient." R.C. 145.362. SeeCriswell v. Criswell (Sept. 29, 2000), Montgomery App. Nos. 18101 and 18111, 2000 WL 1433871, *3 ("we conclude that Ms. Criswell did not satisfy her burden of proof on this issue. There is no evidence in the record that Mr. Criswell's receipt of voluntary, old age retirement benefits, when he reaches retirement age, will be diminished, or otherwise adversely affected, by his present receipt of disability benefits"). See, also, Messer at ¶ 12 ("there is no evidence in the record that [the defendant's] receipt of voluntary, old age retirement benefits, when he reaches retirement age, will be diminished or otherwise adversely affected, by his present receipt of disability benefits").
 {¶ 19} The burden of proof is upon the party contending that disability benefits are marital property. Bauser v. Bauser (1997),118 Ohio App.3d 831, 835. Linda claims in her appellate brief that Michael is "retired" and she is entitled to a portion of the benefits because Michael was eligible to retire due to his age and service. We recognize that Michael was eligible to receive an age and service retirement at the time of his disability, but merely attaining age and service eligibility alone does not create a presumption of retirement. Linda must establish the benefits were accepted in "lieu of old-age retirement pay." Messer v. Messer, Darke App. No. 1570, 2002-Ohio-4196, ¶ 8;Mueller v. Mueller, Montgomery App. No. 20847, 2005-Ohio-5915, ¶ 14;Motter v. Motter, Wyandot App. No. 16-99-14, 2000-Ohio-1714, *3.
 {¶ 20} Based upon a review of the record, Linda has failed to satisfy her evidentiary burden. The evidence in this case supports a finding that Michael's disability benefits were *Page 7 
not accepted in lieu of old-age retirement pay. First, the expert offered by Linda at trial testified that Michael's PERS disability benefits are for the purpose of income replacement, not retirement. Specifically, the expert acknowledged that the benefits are "money he would receive if he was still employed."
 {¶ 21} Further, in her testimony before the magistrate, Linda stated that Michael continually told her that he was not retired and intended to "put as much time in as he could" or "work as long as he could" in order to earn a maximum retirement benefit. Additionally, Michael testified that he wished to return to work if his disability is resolved to continue his PERS retirement contributions. Linda offered no evidence to the contrary that Michael was retired or accepted the disability benefits in lieu of retirement.
 {¶ 22} At the time of his disability, Michael had a choice to retire and receive an age and service pension for the remainder of his life with no restrictions. Instead, Michael chose to accept the disability benefits, preventing him from seeking any outside employment and subjecting him to yearly medical evaluations.
 {¶ 23} Finally, due to the rights the PERS allocates to individuals receiving disability, the calculation to determine Linda's portion of the retirement under the decree of divorce remains uncertain and undeterminable at this point. Specifically, since the PERS considers Michael to be on "a leave of absence" for up to a five-year period and will award credit for the duration of the leave if Michael returns to work for two years after the disability is resolved, the total number of contributing months remains speculative.
 {¶ 24} The magistrate and trial court in this case found that Michael effectively retired due to his age and service eligibility and acceptance of disability benefits; reasoning that it would be inequitable to allow Michael to receive payments from the PERS without providing a portion to Linda. Michael's disability benefits may originate from the same entity which would pay retirement benefits, but the purpose of the benefits is income replacement, not *Page 8 
retirement. Based upon the evidence presented and the rights allocated to individuals receiving PERS disability benefits, it would be more egregious for a court to constructively impose retirement upon Michael when it remains uncertain.
 {¶ 25} Linda's cause of action is premature. Michael is currently receiving temporary disability benefits as income replacement, not a retirement pension. The period during which an employee can receive a disability benefit under R.C. 145.362 is limited to five years and does not diminish Michael's PERS retirement contributions; and, as a result, will not affect Linda's rights under the divorce decree. The PERS does not consider Michael retired and the evidence does not support a finding that he is retired. Should Michael remain physically incapable of resuming his service at the end of the five-year leave period, any PERS benefit becomes marital property.
 {¶ 26} Having ignored the PERS statute, relevant case law, and the evidence presented, we find the trial court abused its discretion by following the magistrate's decision and awarding Linda a portion of the disability benefits.
 {¶ 27} Michael's first assignment of error is sustained.
 {¶ 28} Assignment of Error No. 3:
 {¶ 29} "THE TRIAL COURT EXCEEDED ITS JURISDICTION AND ERRED IN REQUIRING APPELLANT TO PURCHASE LIFE INSURANCE TO SECURE APPELLEE'S SURVIVORSHIP BENEFITS."
 {¶ 30} In his third assignment of error, Michael argues the trial court erred by requiring him to purchase a life insurance policy to secure Linda's interest in the disability benefits.
 {¶ 31} Based on our analysis in the first assignment of error, holding that Linda has no right to a portion of Michael's disability benefits for the five-year period prescribed under R.C. 145.362; Linda has no insurable interest. Accordingly, we find the trial court abused its discretion in requiring Michael to provide the insurance policy. *Page 9 
 {¶ 32} Michael's third assignment of error is sustained.
 {¶ 33} Assignment of Error No. 2:
 {¶ 34} "THE TRIAL COURT ERRED IN AWARDING ATTORNEY'S FEES TO APPELLEE."
 {¶ 35} Michael argues in his second assignment of error that the trial court erred in adopting the magistrate's recommendation to award $3,500 in attorney fees where the magistrate failed to specify the basis on which Linda was entitled to fees.
 {¶ 36} R.C. 3105.73(B) states, "In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets."
 {¶ 37} The decision to award attorney fees in a divorce action lies within the trial court's sound discretion, and the court's decision will be reversed only if it amounts to an abuse of discretion, i.e., is arbitrary, unconscionable, or unreasonable. See Dunbar v. Dunbar,68 Ohio St.3d 369, 371, 1994-Ohio-509.
 {¶ 38} In this case, the magistrate recommended an award of attorney fees based upon the judgment entered in favor of Linda and because the "matter took far longer and was far more complicated by Defendant's actions, or lack thereof." The trial court agreed with the magistrate's decision, finding the award "to be appropriate and reasonable."
 {¶ 39} In light of our resolution of the previous assignments of error, finding that the trial court erred by granting judgment in Linda's favor, an award of attorney fees is unwarranted. Linda's post-decree cause of action in this case alleged two claims. First, *Page 10 
Linda argued she was entitled to a portion of Michael's PERS disability benefits. Second, she sought a contempt order against Michael for failing transfer cemetery deeds. It would be inappropriate and unreasonable to award attorney fees to Linda since her entire cause of action was unsuccessful. See Barry v. Barry, 169 Ohio App.3d 129,2006-Ohio-5008, ¶ 58.
 {¶ 40} Michael's second assignment of error is sustained and the judgment granting Linda's motion for attorney fees is reversed.
 {¶ 41} Judgment reversed and entered in favor of appellant, Michael Burkhart.
YOUNG, P.J., and WALSH, J., concur. *Page 1